No. 26-1348

---

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

---

IN RE: SUZANNE ESER,

Debtor.

-------------------------------------------------

SUZANNE ESER,

Appellant,

v.

DONALD LASSMAN, Chapter 7 Trustee; MASSACHUSETTS INSTITUTE OF
TECHNOLOGY FEDERAL CREDIT UNION,

Appellees.

---

**ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

---

**MOTION TO DISMISS THE APPEAL FOR LACK OF JURISDICTION**

---

Adam J. Ruttenberg, BBO# 553158
BEACON LAW GROUP, LLC
935 Great Plain Avenue, #116
Needham, MA  02492
(617) 235-8600
aruttenberg@beaconlawgroup.com
Counsel for DONALD LASSMAN, Chapter 7 Trustee

Pursuant to First Circuit Local Rule 27.0(c), Appellee Donald Lassman, Chapter 7 Trustee (the "Trustee") respectfully submits this motion to dismiss this appeal for lack of jurisdiction, because the Notice of Appeal was untimely and the period within which the Appellant debtor Suzanne Eser (the "Appellant") might have sought an extension of time has expired.

## BACKGROUND

The Trustee is the Chapter 7 bankruptcy trustee of the Appellant.  The Bankruptcy Court (Bostwick, J.) entered an order on February 19, 2025 granting a motion by the Trustee to approve a settlement agreement between the Trustee and Appellee Massachusetts Institute of Technology Federal Credit Union a/k/a MIT Federal Credit Union.  The Appellant appealed and elected to have the appeal heard in the District Court.  The District Court (Kobick, J.) held oral argument on January 12, 2026, and it issued a Memorandum and Order on March 2, 2026, Dkt. #35, affirming the Bankruptcy Court's order.  The District Court also entered an Order of Dismissal on March 2, 2026, Dkt. #36.  The Appellant filed a Notice of Appeal on April 2, 2026, Dkt. #37, although the document itself was dated April 1, 2026.[1]  The Notice of Appeal expressly stated that the appeal was from "U.S. District Court Order Docket #35, #36."

---

[1] The Appellant also filed a motion for permission to appeal in forma pauperis on April 2, 2026, Dkt. #38, which the District Court granted that same date, Dkt. #40.

**ARGUMENT**

I.    **The Appellant Was Required to File a Notice of Appeal Within 30 Days After Entry of the Memorandum and Order and the Order of Dismissal.**

The District Court had jurisdiction under 28 U.S.C. § 158(a)(1) to hear the Appellant's appeal from the Bankruptcy Court's order.  This Court's jurisdiction over a further appeal by Appellant arises under 28 U.S.C. § 158(d)(1), which provides, "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."  To effectuate this jurisdiction, Fed. R. App. Proc. 6(b)(1) makes the Federal Rules of Appellate Procedure applicable (with exceptions not relevant here) to an appeal to this Court taken under 28 U.S.C. § 158(d)(1).  Fed. R. App. Proc. 4(a)(1)(A) then provides (again with exceptions not applicable here) that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

Whether this Court has jurisdiction over a district court decision affirming an order of a bankruptcy court turns on the timeliness of the notice of appeal, in particular that "[u]nder Federal Rule of Appellate Procedure 4(a)(1), [the appellant] had 30 days to file a notice of appeal from the final order resolving the matter."  *DeLauro v. Porto (In re Porto*), 645 F.3d 1294, 1298 (11th Cir. 2011).  In *Porto*, the Eleventh Circuit Court of Appeals dismissed an appeal from a district court decision where the notice of appeal missed that deadline, holding, "we lack jurisdiction to review the district court's judgment affirming the bankruptcy court's order," 645 F.3d at 1301 (the Court of Appeals did review a later district court order because the notice of appeal regarding that order was timely filed).  Such

dismissal comports with the treatment of appeals of non-bankruptcy matters that do not comply with Fed. R. App. P. 4(a)(1). *See, e.g., US Bank Nat'l Ass'n v. Gauthier,* No. 25-1088, 2025 U.S. App. LEXIS 18454 (1st Cir. Feb. 21, 2025) (dismissing appeal "because the notice of appeal was not filed within thirty days of the district court's entry of the challenged order. *See* Fed. R. App. P. 4(a)(1)."); *Wyzik v. Employee Ben. Plan of Crane Co.,* 663 F.2d 348 (1st Cir. 1981) (dismissing appeal where notice of appeal was filed one day late under Rule 4(a)(1)).

## II.   This Court Lacks Jurisdiction and the Appeal Should Be Dismissed Because the Notice of Appeal Was Untimely.

The District Court entered both its Memorandum and Order and its Order of Dismissal, the two orders referenced in the Notice of Appeal, on March 2, 2026; therefore, the 30-day window within which the Appellant was required to file any notice of appeal expired on April 1, 2026. The Appellant did not file her Notice of Appeal by that date, however. The District Court Docket reflects that the Notice of Appeal was filed after the deadline — on April 2, 2026. *See* Dkt. #37. It is immaterial that the document itself appears to have been dated April 1, 2026. Further, the time within which the Appellant was permitted to file a motion to extend the time to file a notice of appeal also has expired. *See* Fed. R. App. P. 4(a)(5). Thus, this Court lacks jurisdiction to hear this appeal.

Pursuant to First Circuit Local Rule 27.0(c), this Court may dismiss an appeal at any time, whether on motion of the appellee or *sua sponte,* if it lacks jurisdiction. Such is the case here.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court grant his motion to dismiss the appeal for lack of jurisdiction.

Respectfully submitted,

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO# 553158
BEACON LAW GROUP, LLC
935 Great Plain Avenue, #116
Needham, MA  02492
(617) 235-8600
aruttenberg@beaconlawgroup.com
Counsel for DONALD LASSMAN, Chapter 7 Trustee

Dated:  June 4, 2026

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,113 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14 font, Times New Roman.

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO# 553158
Counsel for DONALD LASSMAN, Chapter 7 Trustee

Dated:  June 4, 2026


**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I caused the foregoing document to be filed through the CM-ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO# 553158
Counsel for DONALD LASSMAN, Chapter 7 Trustee

Dated:  June 4, 2026